IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REGINALD JERMAINE MIMS,

                      Plaintiff,

v.

LOGAN BROWN, *et al.*,

                      Defendants.

OPINION and ORDER

25-cv-42-jdp

---

      Plaintiff Reginald Jermaine Mims, representing himself, is proceeding on Fourth Amendment excessive force and Fourteenth Amendment equal protection claims against certain Fitchburg police officers, and on state-law assault claims against Paul Morris, James Wilson, and Simple Recovery Towing. Dkt. 6 at 2. This order concerns motions filed by defendant Morris, who is also representing himself.

      Morris has filed a motion asking to be excused from having to register as an e-filer, stating that he has difficulty reading documents on his computer. Dkt. 37. He has also filed a related motion asking the court to mail him court documents in large print, and for the court to be patient with him during proceedings because he has speech and cognitive impairments. Dkt. 36.

### A. Registering as an e-filer

      Morris's request to remain a non e-filer is conditionally GRANTED, but Morris is ORDERED to provide an alternative way for the court and the other parties in this litigation to contact him. At the December 15, 2025 preliminary pretrial conference, the court explained that all parties have an obligation to maintain up-to-date contact information so that the court can send them notices and the other parties can send them discovery request and

correspondence. Parties can provide a physical address to receive these communications by mail or they can agree to electronic communications. Defendants Morris and Wilson objected to providing their home addresses in light of the allegations underlying this case, which include an alleged assault between them and plaintiff and alleged threats of violence plaintiff directed at defendants. In light of this, the court found good cause to keep their home addresses under seal, but the court explained that these defendants must provide alternative contact information to participate in discovery. During the preliminary pretrial conference, these defendants agreed to register as e-filers and to provide an email address for discovery process. The court ordered the parties to register as e-filers by December 29, 2025. Dkt. 35.

Now defendant Morris asks to be excused from registering as an e-filer. The court will conditionally grant this request, but only upon Morris providing alternative contact information. He may use an alternative physical address, such as his work address or a P.O. Box, or he may yet elect to use electronic communication.[1] Whatever means he selects is his choice, but he must provide some valid means. Providing no address or keeping the only address provided so far under seal are not options. Morris is ORDERED to submit a letter to the court by the deadline below providing the alternative address he agrees to use for purposes of this lawsuit or reporting that he has registered as an e-filer and will use email.

B. Requested accommodations

Morris asks the court to mail him court documents in large print, and for the court to be patient with him during proceedings because he has speech and cognitive impairments. Dkt.

---

[1] To register as an e-filer, Morris would need to create an account in PACER and complete the electronic filing registration for this court. *See* registration information for non-attorney filers at https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf.

36. The court will treat Morris with the same courtesy and patience it extends to all litigants, and if Morris needs more time to meet deadlines, the court will grant reasonable extension for good cause shown. As to the more specific accommodation requests for special materials, these are DENIED.

The court is not able to provide large-print versions of case documents to individual litigants without undertaking fundamental changes to its operations and thus incurring significant administrative burdens. The court has a small team of clerks that handle many hundreds of cases. Having a special rule for formatting and printing in one case is not something that the court is equipped to handle in the normal course. With significant effort, the court may be able to change the font size of its own text-only orders, but it cannot also easily or economically reformat its other court filings, including its captioned orders, and it cannot reformat submissions from the other parties.

But perhaps more importantly, Morris does not explain why he could not address his vision issues on his own. If he elects to receive case documents by mail, he may use a vision aid like a magnifying glass or glasses to read those documents. And if he elects to receive documents by electronic means, he could enlarge the documents on his computer. Many people take these steps to read small-print materials every day.

All things considered, there are other means for Morris to address his concerns, so there is no strong need to fashion other accommodations. And, in any event, the burdens associated with providing the requested accommodations outweigh any need.

ORDER

IT IS ORDERED that:

1. Defendant Paul Morris's motion for accommodations, Dkt. 36, is GRANTED in part and DENIED in part.

2. Defendant Morris's motion to return to non e-filer status, Dkt. 37, is conditionally GRANTED.

3. Defendant Morris is ORDERED to submit a letter to the court by January 21, 2026 the alternative address he agrees to use for purposes of this lawsuit or notice that he has registered as an e-filer and will use email.

Entered January 14, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge