IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REGINALD MIMS,

                Plaintiff,

v.

LOGAN BROWN, DAVAN HAMBURG,
RAMON CLAUDIO-DOMINGUEZ,
MATTHEW LUECKE, JONATHAN VANG,
PAUL MORRIS, JAMES WILSON, AND DOE
TOWING COMPANY,

                Defendants.

ORDER

25-cv-42-jdp

---

      This case arises from an incident between plaintiff Reginald Mims and defendants Paul Morris and James Wilson, who were trying to tow Mims's vehicle. Mims is proceeding on state-law assault claims against Morris, Wilson, and an unnamed towing company, and on Fourth Amendment excessive force and Fourteenth Amendment discriminatory arrest claims against five Fitchburg police officers who responded to the incident. Defendant Paul Morris, also proceeding without counsel, has filed a counterclaim against Mims for assaulting him during the same incident. This order addresses several filings by Mims and the motion for assistance in recruiting counsel filed by Morris.

A.  **Mims's filings**

      In the last week, Mims filed five documents in this case:

- An amended complaint, Dkt. 41;
- a "clarification" in which he states that he does not expect defendant to respond to the amended complaint before the court screens it under 28 U.S.C. § 1915, Dkt. 43;
- a "supplemental" second amended complaint, Dkt. 44.

- a motion for leave to file a "supplemental" second amended complaint, Dkt. 45;
- a third amended complaint and motion for leave to file, Dkt. 47.

Mims's clarification motion is denied as unnecessary. I will also deny Mims's motions to amend his complaint. The factual allegations in the proposed amendments are not substantially different from the allegations in the original complaint. It appears that Mims is attempting to re-assert claims for Fourth Amendment unlawful arrest and malicious prosecution against the police officers and for *Monell* liability against the City of Fitchburg. But I already denied Mims leave to proceed on those claims. Dkt. 6 and Dkt. 23. The allegations in Mims's original complaint affirmatively establish that the police officers had probable cause to arrest him, and Mims did not allege facts allowing for a plausible inference that a city policy or practice contributed to any constitutional violations he suffered. Nothing in Mims's new filings provides a basis to reconsider these rulings. The original complaint, Dkt. 1, will remain the operative complaint in this case. Mims may proceed on only those claims that I granted him leave to proceed on in the original screening order. Dkt. 6.

Mims's recent filings raise three other issues. First, Mims is advised that he does not need to amend his complaint simply to add detail to his factual allegations. He will have an opportunity to develop the factual record when he submits his proposed findings of fact on summary judgment.

Second, Mims's proposed amended complaints no longer list Morris, Wilson, or the towing company as defendants, but Mims doesn't actually say in any of his filings that he wants to dismiss his claims against these defendants. If Mims no longer wishes to proceed with his claims against any of these defendants, he should file a separate motion explaining that.

Third, several of Mims's recent filings contain indications that they were generated using ChatGPT, an AI large language model. The metadata in some of the PDF files lists ChatGPT as the source of the document, Dkt. 43; Dkt. 47; Dkt. 47-1, and one of Mims's documents has the ChatGPT logo at the bottom. Dkt. 47. Mims should proceed with caution. As the court of appeals recently observed, AI-generated court filings often contain inaccurate factual representations, "hallucinated" citations to non-existent cases, or fake quotations. *Jones v. Kankakee Cnty. Sheriff's Dep't*, No. 25-1251, 2026 WL 157661, at *3 (7th Cir. Jan. 21, 2026). All litigants, whether represented by counsel or not, have an obligation to "read their filings and take reasonable care to avoid misrepresentations, whether factual or legal." *Id.* If they do not, they may be subject to sanctions under Federal Rule of Civil Procedure 11, including dismissal of their case with prejudice.

In light of the potential pitfalls, I encourage Mims not to use AI to draft his submissions to this court. Even when they don't contain misrepresentations, AI-generated legal documents often appear formal and legalistic, but contain very little helpful substance. It is far more helpful to the court for Mims to simply explain his position using simple, everyday language, even if the result is that his filing looks less like a formal legal document drafted by a lawyer. If Mims does choose to use AI, he must still review his documents before filing and ensure that the facts and the law are correct. Mims is responsible for the content of the documents he files in court, even if he uses AI to generate them.

B.  Motion for assistance in recruiting counsel

Defendant and counterclaimant Paul Morris moves for assistance in recruiting counsel. Dkt. 46. A court will seek to recruit counsel for an unrepresented litigant only when he demonstrates that his case is one of those relatively few in which it appears from the record

3

that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). In a previous motion, Morris explained that he has a cognitive impairment that affects his short-term memory. Dkt. 36. But Morris has adequately represented himself thus far, and nothing in his submission or other filings suggests that he will not be able to litigate this case on his own. Morris and Mims are suing each other for assault: Mims says that Morris struck him with a flashlight and Morris says that Mims punched him in the face. There are no complex legal issues involved, and it is likely that only minimal discovery will be needed. Morris's motion for assistance in recruiting counsel will be denied.

## ORDER

IT IS ORDERED that:

1. Plaintiff Reginald Mims's motions to amend his complaint, Dkt. 41, Dkt. 44, Dkt. 45, Dkt. 47, are DENIED. The original complaint, Dkt. 1, remains the operative complaint in this case.

2. Plaintiff's motion for clarification, Dkt. 43, is DENIED as unnecessary.

3. Defendant Paul Morris's motion for assistance in recruiting counsel, Dkt. 46, is DENIED.

Entered January 29, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge