IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REGINALD MIMS, I,

                            Plaintiff,

     v.

LOGAN BROWN, *et al.*,

                         Defendants.

OPINION and ORDER

25-cv-42-jdp

---

Plaintiff Reginald Mims, I, representing himself, was involved in a dispute with defendants Paul Morris and James Wilson while they were trying to tow his vehicle. Plaintiff alleges that when Fitchburg police responded, they arrested him for no reason and used excessive force during the arrest. This order addresses related motions filed by Wilson and plaintiff. Wilson, also representing himself, has filed a motion to compel plaintiff to respond to discovery requests, Dkt. 51, and a motion to dismiss plaintiff's claims against him for plaintiff's failure to participate in discovery, Dkt. 54. Plaintiff responded to the motion to compel with a motion for assistance in recruiting counsel and to stay or extend discovery deadlines. Dkt. 53. For the following reasons, the court will deny plaintiff's request for assistance in recruiting counsel, grant him a final deadline to submit his discovery responses, and deny Wilson's motions without prejudice.

## ANALYSIS

Wilson seeks to compel plaintiff to respond to his February 23, 2026 discovery requests or to dismiss plaintiff's claims against him for plaintiff's failure to participate in discovery. Federal Rule of Civil Procedure 37 authorizes the court to impose sanctions on parties who fail

to participate in good faith in the discovery process in violation of a court order, including dismissal of the action in whole or in part. Fed. R. Civ. P. 37(b)(2). This is plaintiff's case to prosecute, and he has an obligation to participate in discovery in good faith. But plaintiff is not in violation of a discovery order, so the court does not need to consider sanctions yet.

Plaintiff acknowledges receiving the discovery requests and does not dispute that he has not responded. Instead, he asks the court to recruit him counsel because he lacks the legal training necessary to "properly assert objections, preserve rights, and avoid inadvertent admissions that could undermine his claims" in responding to discovery requests. Dkt. 53 at 2. He notes that he is indigent, and that this case is made complex by multiple defendants, voluminous evidence, "conflicting reports," and "supervisory personnel." *Id.* at 1. He asserts that he has contacted seven law firms, but none of them has agreed to represent him. He also asks the court to extend discovery deadlines, presumably for related reasons.

Addressing this last point first, there is no need to extend discovery deadlines at this time. Discovery opened on December 15, 2025, and remains open until August 5, 2026. Dkt. 34 at 7. The parties still have over four months to serve discovery requests and responses.[1]

Turning next to the request for recruitment of counsel, litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

---

[1] Plaintiff also states that he plans to seek leave to amend his complaint to add defendants and "expand the scope of" his claims. Dkt. 53 at 2. The court denied his previous motions for leave to amend, Dkt. 50, and he has not renewed his request.

2

To succeed on a motion to assist with the recruitment of counsel, plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Plaintiff has met this requirement because he is proceeding in forma pauperis, meaning that he may proceed with this lawsuit without paying the full filing fee up front. Dkt. 3.

Second, plaintiff must show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Plaintiff states that he has contacted seven law firms without success. This court usually requires proof of such efforts in the form of letters from attorneys, law firms or legal aid organizations in response to a plaintiff's request for representation. For purposes of this motion, the court accepts plaintiff's statement as sufficient proof of his efforts to find a lawyer on his own.

Third, plaintiff must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Mote*, 503 F.3d at 654–55. It is not a question of whether an attorney would do a better job, but whether the plaintiff can prosecute his case on his own. Federal civil litigation is generally challenging for most self-represented, indigent parties, and their limited knowledge of the law is a common predicament. But the court receives hundreds of new lawsuits every year from unrepresented plaintiffs, and there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-

deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

In this respect, plaintiff's motion must be denied. While responding to discovery requests may feel intimidating, plaintiff need only answer truthfully based on his personal knowledge and produce only those documents and electronically stored information that he has in his possession, custody or control. He may rely on his own memory of events and the materials he has obtained, as well as the guidance he has received from the court on the discovery process in the preliminary pretrial materials and at the preliminary pretrial conference. *See* Dkt. 34. Based on plaintiff's participation in the preliminary pretrial conference and his filings to date, there is no indication that his ability to draft discovery requests and responses falls below that of the hundreds of self-represented plaintiffs who bring cases in this court each year, including cases like this one involving assault and excessive force, without the aid of counsel.

The rules allow a party up to 30 days to respond to discovery requests. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), & 36(a)(3). Because the court is denying plaintiff's motion for recruitment of counsel, the court will extend his deadline to respond to Wilson's discovery requests. Plaintiff is warned that if he fails to respond to Wilson's requests by his new deadline, Wilson may renew his motion to dismiss plaintiff's claims against him. *See* Fed. R. Civ. P. 37(b) (listing possible sanctions for disobeying a court order, including "dismissing the action or proceeding in whole or in part").

The court will deny plaintiff's motion for recruitment of counsel without prejudice, which means that he can renew his motion later in this case if his circumstances change and he

4

believes that he is unable to litigate the lawsuit himself.  If he refiles his motion, he will need to explain what specific litigation tasks he is unable to accomplish and why.

With plaintiff's discovery response deadline reset, Wilson's motion to compel and motion to dismiss are both moot.  If plaintiff fails to respond to the discovery requests by the court-ordered deadline below, Wilson may renew his motions.  To succeed in seeking dismissal as a sanction, Wilson will need to include evidentiary support, such as declaration sworn under oath.

## ORDER

IT IS ORDERED that:

1.  Defendant James Wilson's motion to compel, Dkt. 51, is DENIED without prejudice.

2.  Plaintiff's motion for assistance in recruiting counsel, request to stay or extend discovery deadlines and defer ruling on defendant's motion to compel, Dkt. 53, is DENIED.

3.  Plaintiff is ORDERED to respond to Wilson's discovery requests by May 21, 2026.

4.  Wilson's motion to dismiss for failure to prosecute, Dkt. 54, is DENIED without prejudice.

Entered April 23, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge