IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REGINALD MIMS,

          Plaintiff,

  v.

LOGAN BROWN, DAVAN HAMBURG,
RAMON CLAUDIO-DOMINGUEZ,
MATTHEW LUECKE, JONATHAN VANG,
PAUL MORRIS, JAMES WILSON, AND DOE
TOWING COMPANY,

          Defendants.

ORDER

25-cv-42-jdp

---

This case arises from an incident between plaintiff Reginald Mims and defendants Paul Morris and James Wilson, who were trying to tow Mims's vehicle. I allowed Mims to proceed on state-law assault claims against Morris, Wilson, and an unnamed towing company, and on Fourth Amendment excessive force and Fourteenth Amendment discriminatory arrest claims against five Fitchburg police officers who responded to the incident. Dkt. 6.

Now before the court is Mims's third motion to amend his complaint. Dkt. 60. Under Federal Rule of Civil Procedure 15(a)(2), the court will freely give leave to amend a complaint when justice so requires. But the court need not allow leave to amend if there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

I will grant Mims's motion to amend in one respect. When I screened his complaint, I allowed Mims to proceed on state-law assault claims against defendants Morris and Wilson, because Mims alleged that Wilson pushed him and that Morris struck him with a flashlight. In his proposed amended complaint, Mims also asserts battery claims against Morris and Wilson.

To succeed on a Wisconsin-law battery claim, a plaintiff must show that the defendant (1) intentionally caused bodily harm or made offensive contact with the plaintiff (2) without consent. Wis. JI-Civil 2005; 2005.1. The allegations underlying Mims's assault claims are also sufficient to state claims for battery, and adding battery claims will not unduly prejudice Morris or Wilson, because the relevant facts almost entirely overlap with the existing assault claims. I will allow Mims to amend his complaint to add battery claims against Morris and Wilson.

I will deny Mims's motion to amend in all other respects. Most of Mims's proposed changes are simply additional details about what happened. But as I have advised Mims before, he does not need to amend his complaint simply to add detail to his factual allegations. *See* Dkt. 50, at 2. He will have a chance to describe his version of events in detail when he submits his proposed findings of fact on summary judgment.

As for the substantive changes in the proposed amendment, Mims wants to add three types of claims. I conclude that adding these claims would be futile because they would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (leave to amend may be denied when new claims would not survive a motion to dismiss).

First, Mims wants to bring a supervisory liability claim against Fitchburg police captain Edward Hartwick based on Hartwick's alleged failure to investigate the incident and discipline the officers involved. Supervisory officials such as Hartwick may be held liable for the actions of others under § 1983 only if they "had some personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). Mims says only that Hartwick failed to

investigate the officers after the fact. That isn't enough to allege personal involvement under § 1983.

Second, Mims wants to bring Fourteenth Amendment due process claims against the defendant officers because they failed to complete adequate use-of-force reports and because they lied about Mims's medical treatment. To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must allege that (1) he was deprived of a property or liberty interest; and (2) he was entitled to more process than he received. *Cannici v. Vill. of Melrose Park*, 885 F.3d 476, 479 (7th Cir. 2018). Mims's proposed complaint is deficient in both respects. He did not have a liberty or property interest in the content of the officers' use-of-force reports, and he doesn't identify any process that he was entitled to that he did not receive. It appears that Mims is attempting to assert due process claims as an alternative to his unlawful arrest claims, which I have twice denied him leave to proceed on. *See* Dkt. 6 and Dkt. 50.

Third, Mims seeks to add *Monell* claims against the City of Fitchburg for "maintain[ing] policies, customs, or practices that allowed excessive force, inadequate supervision, and failure to enforce use-of-force reporting requirements." Dkt. 61, at 5. I have already denied Mims leave to proceed on *Monell* claims on two separate occasions, Dkt. 33 and Dkt. 50, and nothing about Mims's new submission provides a basis for me to reconsider those rulings. I will summarily deny any further attempts by Mims to add *Monell* claims to this case.

One final point. The schedule in this case gave Mims until March 16, 2026, to file an amended complaint identifying the Doe towing company. Dkt. 34. Mims did not do so, so I will dismiss the towing company from the case.

For the sake of clarity, Mims now has leave to proceed on the following claims:

- Fourth Amendment excessive force claims against the police officer defendants. (Mims may assert either a direct-involvement or failure-to-intervene theory.)

- Fourteenth Amendment discriminatory arrest claims against the police officer defendants.

- Wisconsin-law assault and battery claims against Morris and Wilson.

Mims is warned that further motions to amend are unlikely to be successful given the approaching dispositive motions deadline.

ORDER

IT IS ORDERED that:

1. Plaintiff Reginald Mims's third motion to amend his complaint, Dkt. 60, is GRANTED in part and DENIED in part. Mims may proceed on those claims that I granted him leave to proceed on in the original screening order, Dkt. 6, and he may also proceed on Wisconsin-law battery claims against defendants Morris and Wilson.

2. Defendant Doe Towing Company is DISMISSED from the case for Mims's failure to identify it.

3. Defendants' motion to stay the answer deadline for the amended complaint, Dkt. 62, is DENIED as moot.

Entered May 18, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4