IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

REGINALD MIMS, I,

Plaintiff,

v.

LOGAN BROWN, *et al.*,

Defendants.

OPINION and ORDER

25-cv-42-jdp

Plaintiff Reginald Mims, I, representing himself, was involved in a dispute with self-represented defendants Paul Morris and James Wilson while they were trying to tow his vehicle. Plaintiff alleges that when the Fitchburg police officer defendants responded, they arrested him for no reason and used excessive force during the arrest. This order addresses discovery-related motions filed by defendants. Wilson has renewed his motion to dismiss the claims against him after plaintiff failed to respond to any discovery requests by his court-imposed deadline. Dkt. 68. Morris has filed a motion to compel plaintiff to respond to discovery requests and a motion to dismiss the claims against him because plaintiff has not responded. Dkt. 57 & Dkt. 72. The Fitchburg defendants have also filed a motion to compel plaintiff to respond to discovery requests. Dkt. 69.

For the following reasons, the court will grant the motions to compel, allow plaintiff a final opportunity to respond to defendants' discovery requests, and deny the motions to dismiss without prejudice to their renewal if plaintiff again fails to cooperate in discovery.

ANALYSIS

Discovery opened on December 15, 2025. *See* Dkt. 34. Federal Rule of Civil Procedure 37 authorizes the court to impose sanctions on parties who fail to participate in good faith in the discovery process in violation of a court order, including by dismissing the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). Wilson renews his motion to dismiss because he says plaintiff has not complied with the court's order that he respond to Wilson's discovery requests by May 21, 2026. Dkt. 68. Relatedly, Morris seeks to compel plaintiff to respond to March 25, 2026 discovery requests, Dkt. 57, and the Fitchburg defendants seek to compel plaintiff to respond to their January 21, 2026 discovery requests, Dkt. 69. Morris also seeks dismissal of the claims against him because he says plaintiff has failed to respond to his discovery requests. Dkt. 72.

## A. Plaintiff's Fifth Amendment Right Against Self-Incrimination

Plaintiff acknowledges that he has not responded to any discovery requests. He explains that he is concerned about incurring criminal liability in relation to his altercation with Wilson and Morris and would have to invoke his Fifth Amendment right against self-incrimination if ordered to respond to requests about that altercation. To invoke one's right to silence in a civil case, answering a question truthfully "must have some tendency to subject the person being asked the question to criminal liability." *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 663–64 (7th Cir. 2002). Although the Dane County District Attorney has not yet pursued criminal charges against plaintiff in relation to the altercation, plaintiff points out that this decision is "subject to change at the discretion of the District Attorney's Office up to and including charging the case through the statute of limitations." Dkt. 5-1.

Assuming plaintiff is still subject to criminal liability in state court, it is up to him to decide whether and when to invoke his Fifth Amendment right in this case.  If plaintiff decides to do so, the court may apply a negative inference in this civil case as to the subject matter about which he refused to answer.  *Evans v. City of Chi.*, 513 F.3d 735, 740–41 (7th Cir. 2008).  In any event, invoking the Fifth Amendment in response to certain discovery requests does not excuse plaintiff from his discovery obligations.

## B.  Plaintiff's Objection to Certain Requests

Plaintiff also objects to those discovery requests from the Fitchburg defendants that seek "expansive social media materials, tax information, personal identifying records, and generalized communications unrelated to the claims and defenses at issue."  Dkt. 71 at 2.  Because plaintiff does not specify which requests he is objecting to, the court is left to guess.  It appears that some of the requests are seeking information related to possible damages such as lost wages, which are not specified in the amended complaint, or plaintiff's medical expenses.  *See* Dkt. 61 at 6 (requesting damages for "physical injury, emotional distress, and constitutional deprivation").  To properly object, plaintiff must respond to these requests in the first instance, and in doing so he may lodge any objections to specific requests for defendants' consideration.  The parties will then have the opportunity to meet and confer about any disputes before returning to the court for help if necessary.

This is plaintiff's case to prosecute—he has an obligation to participate in discovery in good faith and has had ample opportunity to do so.  The court will allow him a final opportunity to respond to defendants' discovery requests however he chooses.  If plaintiff does not respond by the deadline indicated below, the parties do not need to meet and confer again about the delay—defendants may file motions for sanctions against plaintiff under Rule 37(b)

for the presiding judge's consideration.  To succeed in seeking dismissal as a sanction, a party will need to include evidentiary support, such as declaration sworn under oath.  If plaintiff does timely respond and there are disputes about those responses, the parties must meet and confer in good faith to resolve any disputes themselves before asking for the court's help.  *See* Fed. R. Civ. P. 37(a)(1) (a motion to compel must include a certification that the movant has made a good-faith effort to confer with the person or party failing to make disclosure or discovery).

## C.  Plaintiff's Request to Sever or Stay the State-Law Claims

Alternatively, plaintiff asks to sever or stay his state-law claims against Morris and Wilson.  The court will do neither.  This court has jurisdiction over cases involving federal law, 28 U.S.C. § 1331, or cases between citizens of different states that involve more than $75,000 in damages sought, 28 U.S.C. § 1332.  This court does not have jurisdiction to hear a case involving exclusively state-law claims between parties from the same state, which appears to be the case for plaintiff, Morris, and Wilson, so it will not sever plaintiff's state-law claims from the federal ones.  Nor will the court indefinitely stay litigation of those claims because of the substantial prejudice to all parties in terms of fading memories and evidence preservation, among other reasons.

That said, plaintiff may move to voluntarily dismiss without prejudice his state-law claims against Morris and Wilson under Rule 15(a), and he may later pursue them in state court, subject to any applicable statutes of limitations.  If he seeks to do this, plaintiff must file a motion for leave to amend with his proposed amended complaint removing these defendants and the claims and allegations against them.  Should the court grant plaintiff leave to amend, this lawsuit would proceed on the federal claims against the Fitchburg defendants only.  *See*

*Taylor v. Brown*, 787 F. 3d 851, 857–58 (7th Cir. 2015) (the proper mechanism to voluntarily dismiss only some claims is to file an amended pleading under Rule 15(a)).

In sum, the court will grant the motions to compel and allow plaintiff one last chance to fulfill his discovery obligations. If he again fails to do so, defendants may seek dismissal in the form of a sanction.

ORDER

IT IS ORDERED that:

1. The motions to compel, Dkt. 57 and Dkt. 69, filed by defendant Paul Morris and defendants Logan Brown, Davon Hamburg, Ramon Claudio-Dominguez, Matthew Luecke, and Jonathan Vang respectively are GRANTED.

2. Defendant James Wilson's and defendant Paul Morris's motions to dismiss for failure to prosecute, Dkt. 68 and Dkt. 72, are DENIED without prejudice.

3. Plaintiff must respond to all defendants' discovery requests by June 11, 2026. If plaintiff fails to respond by that deadline, defendants may seek sanctions under Federal Rule of Civil Procedure 37(b) for consideration by the presiding judge.

4. Plaintiff may file a motion for leave to amend and his proposed amended complaint seeking to voluntarily dismiss the state-law claims against Morris and Wilson by June 11, 2026. If plaintiff decides to do so, he does not need to respond to the discovery requests served by these defendants.

Entered May 28, 2026.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge