IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

REGINALD MIMS,

                      Plaintiff,

         v.

                                                      ORDER

LOGAN BROWN, DAVAN HAMBURG,
RAMON CLAUDIO-DOMINGUEZ,                               25-cv-42-jdp
MATTHEW LUECKE, JONATHAN VANG,
PAUL MORRIS, and JAMES WILSON,

                      Defendants.

Plaintiff Reginald Mims was involved in an altercation with defendants Paul Morris and James Wilson, who were trying to tow his vehicle. Mims brings assault and battery claims against Morris and Wilson, and excessive force and discriminatory arrest claims against five police officers who responded to the incident. *See* Dkt 65. Morris brings a counterclaim against Mims for hitting him in the face. Dkt. 19. This order addresses Mims's motion to amend his complaint, Morris and Wilson's motions for sanctions against Mims, and Mims's motion to dismiss Morris's counterclaim.

## A. Motion to amend

Mims has filed a proposed second amended complaint, which I will construe as a motion for leave to amend under Federal Rule of Civil Procedure 15. Dkt. 89. Under Rule 15(a)(2), the court will freely give leave to amend a complaint when justice so requires. But the court need not allow leave to amend if there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Mims's proposed amendments fall into four categories.

First, Mims wants to dismiss all of his claims against defendants Paul Morris and James Wilson. I will grant that motion. Wilson will be dismissed from the case. Morris will remain in the case for now because he has a counterclaim against Mims. If Morris wishes to dismiss the counterclaim in light of the dismissal of Mims's claim against him, then Morris should inform the court of that, and the court will dismiss him as well.

Second, Mims wants to add supervisory liability claims against Fitchburg police captain Edward Hartwick and add *Monell* claims against the City of Fitchburg. I will deny that motion. I have already denied as futile Mims's previous attempts to add claims against Hartwick and the City of Fitchburg. Nothing in his new submission convinces me to reconsider those rulings. *See* Dkt. 33; Dkt. 50; Dkt. 65.

Third, Mims wants to add Fourteenth Amendment due process claims based on the police officer defendants altering surveillance video and bodycam footage of the incident. I will deny that motion because that amendment would be futile. In certain cases, a plaintiff can bring a due process claim against a police officer for withholding or altering evidence, but only if there is a reasonable probability that the police officer's actions prejudiced him during a criminal proceeding. *Carvajal v. Dominguez*, 542 F.3d 561, 566–67 (7th Cir. 2008). In this case, prosecutors declined to prosecute Mims, so he cannot show that he was prejudiced by any destruction of favorable evidence.

Fourth, Mims wants to add claims against the Fitchrona EMS District and two EMTs for delaying medical care and failing to prevent the police officer defendants from using excessive force against him. I will deny that motion because Mims unduly delayed in adding these defendants and doing so now would unfairly prejudice them. Mims says that he is adding the EMS defendants because of "newly unmasked facts . . . discovered during active discovery."

2

Dkt. 89, at 2. But Mims's allegations about the EMS defendants involve events that Mims directly observed when they happened, so it is implausible that he only recently discovered these potential claims. And dispositive motions in this case are due in less than a month, so there is no way to add the EMS defendants and give them sufficient time to conduct discovery before that deadline.

## B. Motions for sanctions

Both Morris and Wilson have moved to dismiss Mims's claims against them as a sanction for Mims's failure to respond to their discovery requests. Dkt. 90 and Dkt. 91. I will deny these motions as moot because Mims has voluntarily dismissed his claims against them. Morris does not say in his motion whether he is also seeking sanctions related to his counterclaim. If he intends to seek sanctions related to the counterclaim, Morris should clarify that in a renewed motion.

## C. Motion to dismiss

Mims moves to dismiss Morris' counterclaim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief, asserting that (1) Morris hasn't adequately alleged that Mims caused his injuries; (2) Morris doesn't identify a legal theory for his counterclaim; and (3) the counterclaim is "barred by Wisconsin's self-defense and privilege doctrines." Dkt. 85. Mims also moves to dismiss Morris's request for punitive damages.

As for causation, Mims says that Morris didn't actually allege that Mims hit him. Mims is correct that in the section of Morris's pleading labelled "counterclaim," Morris did not say that Mims hit him. Instead, Morris proceeded directly to a description of his damages, alleging that he suffered a brain injury, dislocated jaw, fractured molar, and required stitches on his ear due to the "trauma to the side of [his] head." Dkt. 19, at 6.

3

I will not dismiss the counterclaim on this basis. I construe pleadings filed by pro se litigants like Morris liberally, holding them to less stringent standards than formal pleadings drafted by lawyers. *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017). In this case, I can infer from reading Morris's pleading as a whole that Morris is alleging that Mims hit him. Mims admitted that he hit Morris in his original complaint, alleging: "As I am on the phone with 911 operator . . . Morris comes from behind me and hits me in the head with a flashlight. At that point, I had to defend myself so I decided to hit Morris because he used a weapon to assault me." Dkt. 1, at 3. And in response to that allegation, Morris answered: "Mr. Mims and I were on 911 dispatch calls while I was sitting in the truck after the assault. Mr. Mims was taunting me and trying to hit me again while I was in the trucks front passenger side seat, during the 911 dispatch calls." Dkt. 19, at 3. It's clear from Morris's description of an "assault" and Mims "trying to hit [him] again" that Morris is alleging that Mims hit him. That, plus the description of Morris's injuries, is sufficient to state claims for assault and battery under Wisconsin law. *See* Wis JI-Civil 2004 (assault); Wis JI-Civil 2005 (battery).

Next, Mims says that Morris failed to identify legal theories for his counterclaim. That argument is easily resolved: the Federal Rules of Civil Procedure do not require plaintiffs to plead legal theories, *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005), so I will not dismiss Morris's counterclaim for his failure to plead legal theories.

Mims's argument that the counterclaim is "barred by Wisconsin's self-defense and privilege doctrines" also fails. Self-defense is an affirmative defense to a battery claim, Wis JI-Civil 2006 (Battery: Self-Defense), and affirmative defenses are rarely grounds for dismissal at the pleading stage because parties do not have to anticipate and plead around affirmative defenses. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). Dismissal is

appropriate only if the factual allegations in the pleading unambiguously establish every element of the affirmative defense; in other words, a party affirmatively pleads himself out of court. *Id.* Nothing in Morris's pleading affirmatively establishes that Mims acted in self-defense, so I will not dismiss the counterclaim on that ground.

As for Wisconsin's "privilege doctrine," Mims appears to be saying that the counterclaim must be dismissed because the district attorney declined to prosecute Mims for hitting Morris. That's simply not relevant. Morris is bringing civil claims against Mims, which are entirely independent from the district attorney's decision whether to bring criminal charges against Mims for the same conduct.

That leaves Mims's motion to dismiss Morris's request for punitive damages. Mims says that a request for punitive damages "is not an independent cause of action and requires a viable underlying tort claim." Dkt. 85, at 7. But I have determined that Morris has stated claims for assault and battery. Morris can receive punitive damages for these claims if he can demonstrate that Mims acted in intentional disregard of his rights or with malicious intent. Wis. Stat. § 895.043; *see also Smith v. Golde*, 224 Wis. 2d 518, 532–33, 592 N.W.2d 287 (Ct. App. 1999). I will not dismiss Morris's request for punitive damages at this stage.

ORDER

IT IS ORDERED that

1. Plaintiff Reginald Mims's motion to amend his complaint, Dkt. 89, is GRANTED for Mims's request to dismiss his claims against defendants Paul Morris and James Wilson. The motion is DENIED in all other respects.

2. Defendant Morris and Wilson's motions to dismiss for lack of prosecution, Dkt. 90 and Dkt. 91, are DENIED as moot.

3. Plaintiff Reginald Mims's motion to dismiss Paul Morris's counterclaim, Dkt. 85, is DENIED.

4. Defendant James Wilson is DISMISSED from the case.

Entered June 12, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge