IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REGINALD MIMS,

                        Plaintiff,

        v.

LOGAN BROWN, DAVAN HAMBURG,                              ORDER
RAMON CLAUDIO-DOMINGUEZ,
MATTHEW LUECKE, and JONATHAN VANG,                       25-cv-42-jdp

                        Defendants,
    and

PAUL MORRIS,
                        Counterclaimant,

---

Plaintiff Reginald Mims, proceeding without counsel, was involved in an altercation with defendant Paul Morris and another man, who were trying to tow his vehicle. Mims is suing five police officers who responded to the incident for excessive force and discriminatory arrest. Morris, also proceeding without counsel, is countersuing Mims for assault and battery. (Mims previously sued Morris for assault and battery as well, but he voluntarily dismissed those claims.) This order addresses two motions: Morris's motion for Rule 37 sanctions against Mims; and Morris's motion to amend his pleading.

## A. Motion for sanctions

Federal Rule of Civil Procedure 37(b) authorizes the court to impose sanctions for a party's failure to comply with a court order, including an order to provide discovery. Sanctions can include striking a party's pleading in whole or in part or rendering default judgment against a party. *See Burress v. Mr. G&G Trucking, LLC*, No. 19-cv-791-jdp, 2020 WL 4381947 (W.D. Wis. July 31, 2020) The sanction imposed must be proportionate and related to the party's specific discovery violation. *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

Morris contends that Rule 37(b) sanctions are warranted against Mims because he failed to comply with Magistrate Judge Boor's order requiring him to respond to Morris's discovery requests by June 11, 2026. *See* Dkt. 75. But Mims did not actually violate Judge Boor's order. The discovery requests that Judge Boor ordered Mims to respond to concerned both Mims's claims against Morris and Morris's counterclaims against Mims. Judge Boor ordered Mims to respond to those requests, but only if he still wanted to pursue his claims against Morris. Otherwise, Judge Boor told Mims that he could voluntarily dismiss his claims against Morris, and that if he chose to do so, he did not need to respond to Morris's discovery requests. Dkt. 75, at 5. Mims voluntarily dismissed his claims against Morris on June 11, 2026, Dkt. 89, so under Judge Boor's order, he did not need to respond to Morris's discovery requests.

Because Mims is not currently in violation of a court order related to Morris's discovery requests, I will deny the motion for Rule 37(b) sanctions. But Morris is still pursuing his counterclaims in this case, and Mims is not relieved of his obligation to respond to discovery related to those counterclaims. Now that Mims's claims against Morris have been dismissed, Morris will have to go back to the drawing board and determine which of his original discovery requests are still relevant to the counterclaims. If Mims disagrees about the proper scope of discovery, then Morris must attempt to resolve the issue informally with Mims, and, if that fails, he may file a renewed motion to compel *See* Fed. R. Civ. P. 37(a)(1) (party filing a motion to compel must include a certification that he "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

## B.  Motion to amend

Morris also moves to amend his pleading to add factual allegations about Mims's assault and about the injuries that Morris suffered as a result. Dkt. 98. I will deny this motion as unnecessary. As I have previously told Mims, parties do not need to amend their pleadings solely to add detail to their factual allegations. *See* Dkt. 50. Morris's original pleading adequately stated claims for assault and battery. *See* Dkt. 92 (denying Mims's motion to dismiss those claims). Morris will have a chance to develop the factual record related to his claims in his summary judgment submissions if either he or Mims chooses to move for summary judgment, or at trial.

ORDER

IT IS ORDERED that:

1.  Counterclaimant Paul Morris's motion for sanctions, Dkt. 95, is DENIED.

2.  Morris's motion to amend his pleading, Dkt. 98, is DENIED as unnecessary.

Entered July 8, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

3