IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

REGINALD MIMS,

                    Plaintiff,

        v.

LOGAN BROWN, DAVAN HAMBURG,                          ORDER
RAMON CLAUDIO-DOMINGUEZ,
MATTHEW LUECKE, and JONATHAN VANG,                   25-cv-42-jdp

                    Defendants,

    and

PAUL MORRIS,

                    Counterclaimant,

Plaintiff Reginald Mims, proceeding without counsel, was involved in an altercation with defendant Paul Morris and another man, who were trying to tow Mims's vehicle. Mims is suing five police officers who responded to the incident under 42 U.S.C. § 1983 for excessive force and discriminatory arrest. Morris, also proceeding without counsel, is countersuing Mims for assault and battery under Wisconsin law. (Mims previously sued Morris for assault and battery as well, but he voluntarily dismissed those claims.) Dispositive motions are due in less than a month.

For the past several months, the parties have been engaged in a dispute related to Mims's failure to respond to discovery. In May, Magistrate Judge Boor granted a motion to compel filed by the police officer defendants, ordering Mims to respond to all of defendants' discovery requests by June 11. Dkt. 75. Defendants now assert that Mims is in violation of the order to compel, and they move for dismissal of this case and an award of fees and costs as a sanction under Federal Rule of Civil Procedure 37(b).

I find that Mims has acted with at least gross negligence toward his discovery obligations. His responses to defendants' interrogatories, which he initially provided on June 12 and supplemented on July 22, were incomplete and evasive. And he failed to produce any documents in response to defendants' requests for production until July 29, when he filed some of his medical records on the docket. Dkt. 113-1.

Mims's refusal to participate in discovery would justify dismissing this case with prejudice. But Mims's recent filing of his medical records on the docket suggests that he may finally be willing to attend to his discovery obligations. In light of that and his status as a pro se litigant, I will give him one more opportunity to provide proper responses to defendants' discovery requests. This will be Mims's last chance. If he does not follow my instructions exactly and respond by the date in this order, I will dismiss this case.

BACKGROUND

Discovery in this case opened on December 15, 2025. Dkt. 34. On January 21, 2026, the police officer defendants served Mims with interrogatories and requests for production relating to his claims and damages. Dkt. 70-1. Defendants granted Mims three extensions to submit his discovery responses; when Mims still failed to provide any response, defendants moved to compel. Dkt. 69. On May 28, Magistrate Judge Boor ordered Mims to respond to all defendants' discovery requests by June 11, 2026. Dkt. 75, at 5. Judge Boor advised Mims that if he objected to any of the discovery requests, he "must respond to these requests in the first instance, and in doing so he may lodge any objections to specific requests for defendants' consideration. The parties will then have the opportunity to meet and confer about any disputes before returning to the court for help if necessary." *Id.* at 3.

2

Mims responded to defendants' interrogatories on June 12, the day after Judge Boor's deadline. Dkt. 94-1. Mims did not respond to defendants' requests for production of documents. Defendants promptly objected to the discovery responses by email, telling Mims that many of his responses were incomplete or evasive. Dkt. 94-2. Defendants gave Mims a deadline of June 15 to fix the deficiencies, and when Mims did not respond, defendants filed a motion for sanctions under Federal Rule of Civil Procedure 37(b). Dkt. 93. I set a deadline for Mims to respond to the motion for sanctions, which was later extended to July 21.

On the morning of July 22, Mims submitted his response to the motion for sanctions, asserting that the issue was now moot because he had served supplemental discovery responses on the defendants. Dkt. 107. Defendants quickly replied, asserting that Mims's supplemental responses to their interrogatories had not fixed the problem and noting that Mims had still not responded to any of defendants' requests for production. Dkt. 108. The motion for sanctions is now fully briefed and ready for decision.

The following are some of Mims's initial (June 12) and supplemental (June 22) interrogatory responses.

> **Interrogatory No. 4:** Have you maintained a log, diary, or other documents or notes relating to the events alleged in your complaint? If yes, please attach copies of all such writings to your answers to these interrogatories.
> **Initial response:** lack of information
> **Supplemental response:** Yes. I possess an independent recorded video depicting a portion of the events alleged in the Complaint.
>
> **Interrogatory No. 5:** Have you or anyone on your behalf obtained statements, written, recorded, or otherwise, from any parties or witnesses to the events alleged in your Complaint? If so, identify the names and addresses of all persons giving statements and identify who has current custody or control of such statements.
> **Initial response:** after a diligent search, responding party has no record or recollection.

3

**Supplemental response:** after a diligent search, responding party has no record or recollection.

**Interrogatory No. 9:** Identify every doctor, medical professional, counselor, psychologist, psychiatrist, or other mental health provider of any kind who has examined and/or treated you from the date of the incidents alleged in your Complaint to the present.
**Initial response:** I object privileged information
**Supplemental response:** Dr. M Allen (Primary) 5816 Odana road.

**Interrogatory No. 10:** If you have recovered from the effects of any injury, illness, or disability you received as a result of the events alleged in your Complaint, identify same and give the date on which you were fully recovered.
**Initial response:** ambiguous, vague
**Supplemental response:** objection vague and ambiguous

**Interrogatory No. 11:** Are you claiming any permanent injury, illness, or disability as a result of the events alleged in your Complaint? If so, state the exact nature and extent of each such permanent injury, illness, or disability claimed.
**Initial response:** yes
**Supplemental response:** yes

**Interrogatory No. 14:** Are you claiming a loss of earning capacity as a result of the events alleged in your Complaint? If so, state the nature and extent of such a loss; the identity of any medical, vocational, or economic experts who support your claim of such a loss; and attach copies of all documents which support your loss of earning capacity claim.
**Initial response:** yes
**Supplemental response:** yes

**Interrogatory No. 16:** Itemize all losses, expenses, and/or damages which you claim were incurred by you, or by any person on your behalf, and owed by any named Defendant as a result of the allegations asserted in your Complaint, together with documents supporting your claim.
**Initial response:** I'm in the process of obtaining an attorney to itemize all losses, expenses, and or damages
**Supplemental response:** will need professional help to determine damages, will supplement answer as soon as figures are determined.

4

>**Interrogatory No. 18:** Itemize all compensatory damages which you claim were incurred by you, or by any person on your behalf, as a result of the allegations asserted in your Complaint, together with documents supporting your claim.
>**Initial response:** my attorney will calculate compensatory damages
>**Supplemental response:** will need professional help to calculate damages, will supplement this answer once I get a more factual view.

Dkt. 70-1; Dkt. 94-1; Dkt. 109-1.

The following are some of the documents that defendants requested. Mims has not yet produced any responsive documents.

- Copies of Mims's state and federal income tax forms, including W-2 forms, for the past five years.

- Copies of documents identified or referred to in the interrogatory responses.

- Copies of photographs or video recordings of the incidents alleged in the complaint.

- Signed medical authorization forms for providers identified in interrogatory responses.

- Copies of emails, text messages, and social media messages related to the allegations in the complaint or the asserted damages.

## ANALYSIS

This order addresses defendants' motion for sanctions based on Mims's failure to meet his discovery obligations. Dkt. 93. I will also address Mims's renewed request for assistance in recruiting counsel, Dkt. 107 and his recent motion for clarification, Dkt. 116.[1]

---

[1] Mims also recently filed his own motion to compel, asserting that the defendants have failed to meet their own discovery obligations. Dkt. 111. Magistrate Judge Boor has set briefing on that motion. Dkt. 114. I will not address it here other than to say that Mims is not relieved of his own obligations to respond to discovery simply because he takes issue with defendants' discovery responses.

### A.  Motion for sanctions

Federal Rule of Civil Procedure 37(b)(2) authorizes sanctions, including the dismissal of a suit, if a party fails to comply with a court order about discovery. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775 (7th Cir. 2016). Before dismissing a suit as a sanction under Rule 37, the court must find that the plaintiff acted willfully, in bad faith, or at least, was "at fault" for the failure to comply with discovery orders. *Ramirez*, 845 F.3d at 776. Fault, in contrast to willfulness or bad faith, does not require a showing of intent, but presumes that the sanctioned party had "extraordinarily poor judgment" or demonstrated gross negligence, rather than mere mistake or carelessness. *Id.*

I find that Mims has demonstrated at least gross negligence in failing to respond to defendants' discovery requests, if not willful disregard of the discovery rules. I will first explain the deficiencies in Mims's responses to defendants' requests for production and interrogatories, and then I will turn to the proposed sanctions.

#### 1.  Requests for production

The deficiency in Mims's response to defendants' requests for production is straightforward: Mims has failed to produce any documents, even though Judge Boor ordered him to do so by June 11 and even though it is clear from his interrogatory responses that he has some responsive documents. For example, Mims said in response to defendants' Interrogatory No. 4 that he "possess[es] an independent recorded video depicting a portion of the events alleged in the Complaint." Dkt. 109-1, at 3. Defendants' Request for Production No. 6 asked for, among other things, all video recordings of the incidents alleged in the complaint. Dkt. 70-1, at 8. But Mims did not produce his video recording. As another example, Mims said in response to defendants' Interrogatory No. 9 that he has a primary care doctor.

6

Dkt. 109-1, at 5. But he did not provide a medical records authorization form for that doctor, *see* Request for Production No. 7, nor did he provide any medical records.

In his response brief to the motion for sanctions, Mims says that he objects to some of defendants' requests for production, specifically, the request that he provide signed authorizations for release of medical information. Mims says that he is "willing to sign authorizations limited in time and scope to the injuries alleged . . . but objects to providing unfettered access to unrelated, private medical history." Dkt. 107, at 2. But Mims has had six months to lodge his objections to the medical authorization form and to propose a more limited version. Mims cannot ignore an entire request for production simply because he disagrees with its scope. He must produce documents in response to those portions of the request to which he doesn't object, make appropriate objections as to the other portions, and then attempt in good faith to resolve any disputes with the defendants before turning to the court for help if necessary. *See* Fed. R. Civ. P 34(b)(2)(c) (An objection to part of a request for documents must "specify the part and permit inspection of the rest" of the documents).

Mims also says that his failure to respond to discovery should be excused because he suffered an injury to his foot at the end of June 2026, which has left him "bedridden and in extreme pain." But defendants served Mims with discovery in January, and Judge Boor ordered him to respond to that discovery by June 11. His injury at the end of June does not explain his monthslong refusal to respond. Further, Mims has a pattern of requesting extensions due to medical issues after he has already missed deadlines. *See. e.g.*, Dkt. 104. I expect Mims to attend to his litigation tasks in a proactive manner, so he can avoid missing deadlines and further prolonging this litigation.

### 2. Interrogatories

Mims did eventually respond to defendants' interrogatories, but his responses are grossly incomplete, even considering that Mims is litigating this case without counsel. The problems fall into four categories.

First, Mims declined to answer Interrogatory No. 3 on the ground that it was "irrelevant" and Interrogatory No. 10 on the ground that it was "vague and ambiguous."[2] These objections are not sufficient. Courts place the burden on the objecting party to demonstrate why a particular discovery request is improper, and that burden cannot be met by an unexplained "invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" *Hardtke v. JLG Indus., Inc.,* No. 15-cv-719-slc, 2016 WL 3248605 (W.D. Wis. June 10, 2016) (internal quotations and citations omitted). And in any event, the court sees nothing irrelevant, vague, or ambiguous about defendants' questions. Interrogatory No. 3 asks Mims to identify individuals who assisted him in answering discovery requests, which might lead to the discovery of potential witnesses, and Interrogatory No. 10 asks whether Mims has recovered from any injuries received during the events alleged in the complaint. Mims needs to respond to these interrogatories.

Second, several of Mims's interrogatory responses are plainly incomplete. For example, Interrogatory No. 11 asks whether Mims has any permanent injuries and Interrogatory No. 14

---

[2] Mims also declined to provide his social security number in response to Interrogatory No. 1 on the grounds that it was irrelevant. But defendants did not object to Mims's response to that interrogatory, so I do not need to address that issue.

asks whether Mims is asserting a loss of earning capacity. Mims answered "yes" to both questions. But he ignored the second part of both questions, which asked him to "state the nature and extent" of his permanent injuries and loss of earning capacity and to provide supporting documents. As another example, Interrogatory No. 9 asked Mims to identify all the medical professionals who have treated him since the incident in the complaint. Mims identified his primary care doctor, but the medical records that he recently filed on the docket, Dkt. 113-1, list other providers as well, demonstrating that this response is incomplete.

Third, Mims answered Interrogatory No. 15 by simply referring to his complaint. Under Rule 33(d), a party may refer to its own business records in response to an interrogatory under some circumstances, but that exception does not apply to other documents. A party may not simply refer to a pleading, deposition, or other document instead of providing a response to an interrogatory. *Alight Sols. v. Thomson*, 2021 WL 5038775, at *4 (N.D. Ill. 2021); 8B Charles Alan Wright et al., Fed. Prac. & Proc. § 2177 (3d. ed. April 2026 update).

Fourth, Interrogatories Nos. 16–19 ask Mims to itemize his damages and to provide supporting documents. Mims responded that he "will need professional help to determine damages" and "will supplement answer as soon as figures are determined." But Mims cannot simply decline to answer until some undetermined future date. If Mims doesn't know the answer to defendants' question, he can respond, "I don't know." But he needs to attempt to respond to the best of his ability.

### 3. Sanctions

Given Mims's almost complete refusal to participate in discovery thus far, I would be justified in dismissing this case with prejudice. *Roland v. Salem Cont. Carriers, Inc.*, 811 F.2d 1175 (7th Cir. 1987) (upholding dismissal of a case when plaintiff submitted incomplete and

evasive responses to defendant's interrogatories). But I will not do so at this juncture, for two reasons. First, Mims is litigating this case without counsel. Second, Mims recently filed some of his medical records on the docket, Dkt. 113-1, which suggests that he may finally be open to responding to defendants' discovery requests.[3]

I will give Mims a short time to respond to defendants' discovery. This will be Mims's final chance. In preparing his responses, Mims should carefully review what I have said about the deficiencies in his prior responses. Mims must completely respond to each numbered interrogatory and each specific document request submitted by defendants. If Mims does not know the answer to a specific question, he should say "I don't know" in response to the question. If Mims does not have a document responsive to a specific document request, he should say "I don't have any documents." Mims should be aware that he will not be allowed to use any document or information at summary judgment or trial that he should have provided to defendants but failed to do so.

If Mims does not respond to defendants' discovery requests by the deadline set forth below, defendants may renew their Rule 37(b) motion to dismiss this case, and I will grant it. If Mims does respond and the parties disagree about the proper scope of discovery, I expect them to work together to resolve the issue in a timely manner. If informal resolution fails, defendants should promptly move to compel so that the court can resolve any issues before dispositive motions are due. I will extend the dispositive motions deadline one more time to September 14, 2026, so that the parties have time to attend to their discovery obligations.

---

[3] Mims is reminded that filing documents on the docket is not an appropriate way to respond to discovery. He needs to send responsive documents to defendants directly.

Defendants have also requested that I award them their reasonable costs and attorney fees that they expended in bringing the motion to compel and the motion for sanctions. Rule 37(b)(2)(C) requires me to grant that request unless I conclude that the failure to comply with a discovery order was substantially justified or that "other circumstances make an award of expenses unjust." Mims's failure to comply with Judge Boor's discovery order was not justified. But I will decline to award fees at this time because Mims would be unable to pay a fee award. *See Zollicoffer v. Gold Standard Baking, Inc.*, No. 13 CV 1524, 2018 WL 11630893, at *1 (N.D. Ill. Sept. 6, 2018) (citing *Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1366 (7th Cir. 1994)). Mims submitted an affidavit of indigency in this case explaining that he has essentially no income. *See* Dkt. 2. His indigency would make an award of fees in this case unjust.

## B. Mims's other motions

I will briefly address two other motions filed by Mims.

First, in his brief in response to defendants' motion for sanctions, Mims renewed his request for assistance in recruiting counsel, explaining that the motion for sanctions "highlights the difficulty a pro se litigant faces in navigating discovery." Dkt. 107, at 2. Mims also said that because of his recent foot injury and "significant medical recovery period following surgery, he is no longer physically or legally capable of litigating this matter effectively on his own." *Id.* I will deny the motion. The discovery in this case is not meaningfully more complicated than the hundreds of other cases filed by pro se litigants in this court every year. The additional difficulties that Mims has experienced in conducting discovery have been largely of his own making. And although I am sympathetic to Mims's medical situation, I do not see how his foot injury makes him physically incapable of litigating this case on his own.

11

Second, Mims filed a motion requesting clarification as to current operative complaint and the claims remaining in this case. Dkt. 116. I will grant that motion and refer Mims to my screening order, Dkt. 6, and my order on the motion to dismiss Paul Morris's counterclaims, Dkt. 92. To briefly summarize, Mims is proceeding on excessive force claims and discriminatory arrest claims against the five police officer defendants.[4] Counterclaimant Paul Morris is proceeding on Wisconsin-law assault and battery claims against Mims. Mims is not allowed to proceed on any other claims or against any other defendants.

## ORDER

IT IS ORDERED that:

1. Defendants' motion for Rule 37(b) sanctions, Dkt. 93, is DENIED without prejudice. Defendants may renew the motion if Mims does not respond to discovery by the deadline set below.

2. Mims has until August 11, 2026, to provide complete responses to defendants' discovery requests.

3. Mims's motion for assistance recruiting counsel, Dkt. 107, is DENIED.

4. Mims's motion for clarification, Dkt. 116, is GRANTED.

5. The dispositive motions deadline is extended to September 14, 2026.

Entered July 31, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[4] In the screening order, I also allowed Mims to proceed on Wisconsin-law assault and battery claims against Paul Morris and another man, but Mims has since voluntarily dismissed those claims. Dkt. 92