IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REGINALD MIMS,

Plaintiff,

v.

LOGAN BROWN, DAVAN HAMBURG, RAMON CLAUDIO-DOMINGUEZ, MATTHEW LUECKE, and JONATHAN VANG,

Defendants,

and

PAUL MORRIS,

Counterclaimant,

ORDER

25-cv-42-jdp

---

Plaintiff Reginald Mims, proceeding without counsel, was involved in an altercation with defendant Paul Morris and another man, who were trying to tow Mims's vehicle. Mims is suing five police officers who responded to the incident under 42 U.S.C. § 1983 for excessive force and discriminatory arrest. Morris, also proceeding without counsel, is countersuing Mims for assault and battery under Wisconsin law.

This case has been delayed for many months by Mims's failure to adequately respond to defendants' discovery requests. In a July 31 order, I concluded that Mims had acted "with at least gross negligence toward his discovery obligations" and that dismissal of his case with prejudice would be justified. Dkt. 119, at 2. But instead of dismissing the case, I gave Mims a final deadline to provide satisfactory discovery responses. I warned him: "This will be Mims's last chance. If he does not follow my instructions exactly and respond by the date in this order, I will dismiss this case." *Id.*

Mims's deadline passed and defendants once again moved to dismiss this case as a sanction. Dkt. 134. Defendants contend that Mims's responses are still inadequate for several reasons, including:

- Mims still did not sign a medical authorization form.
- Mims still did not provide copies of his state or federal tax forms.
- Mims did not provide medical bills or other records to support his estimated $30,000 to $45,000 in medical expenses, even though he indicated in his interrogatory responses that he "will produce" those documents. Dkt. 135-3, at 11.
- Mims provided links to several Facebook posts in response to defendants' request for any social media posts about the events at issue in the complaint, but the posts were inaccessible due to Mims's privacy settings. Mims did not provide the Facebook posts in an accessible format after defendants pointed out this problem.

Mims does not dispute that there are still problems with his discovery responses. But Mims points out that he has provided a large amount of discovery since my July 31 order, including updated interrogatory responses, copies of the 911 calls from the incident, and some redacted medical records. Mims argues that any remaining issues can be addressed through a court order clarifying what more he has to produce or preventing him from using discovery that is still missing. Dkt. 150.

It is too late for that. I told Mims on July 31 that this would be his last chance and that he must follow my instructions exactly or I would dismiss this case. I told him that he needed to "completely respond to each numbered interrogatory and to each specific document request submitted by defendants." Dkt. 119, at 10. Mims did not follow these instructions. He failed to produce entire categories of documents requested by the defendants, including about highly relevant issues like his injuries and medical expenses. Mims's failure to comply with discovery has prejudiced defendants, prolonged this litigation, and cost both defendants and the court

substantial time and resources. Mims did not comply with my July 31 order giving him one final chance to fix the problems with his discovery responses. Consistent with my previous warning to him, I will dismiss his claims with prejudice under Federal Rule of Civil Procedure 37(b).

Two issues remain. First, defendants ask for an award of reasonable costs and attorney fees because of Mims's discovery violations. As I explained on July 31, Mims's indigency would make a fee award unjust, so I will not award fees. *See* Dkt. 119, at 11.

Second, Paul Morris still has state-law counterclaims against Mims for assault and battery. But the dismissal of Mims's claims resolves all the federal claims in this case. When only state-law claims remain, "the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). I see no statute of limitations concerns that would warrant retaining jurisdiction, and because I have not yet considered the merits of Morris's state-law claims, there would be no efficiency in resolving them in this court. Accordingly, I will dismiss Morris's state-law claims without prejudice to Morris pursuing them in state court.

This case will be closed.

## ORDER

IT IS ORDERED that:

1. Defendants' renewed motion to dismiss, Dkt. 134, is GRANTED. Plaintiff Reginald Mims's claims against defendants Logan Brown, Jonathan Vang, Davan Hamburg, Ramon Claudio-Dominguez, and Matthew Luecke, are DISMISSED with prejudice under Federal Rule of Civil Procedure 37(b) for Mims's failure to comply with discovery.

2. Counter-claimant Paul Morris's state-law claims are DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3). Morris's motion for summary judgment, Dkt. 146, is DENIED as moot.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered October 16, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge